**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **BRAULIO MENESES-VELASQUEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-844-G** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

**ORDER**

Petitioner Braulio Meneses-Velasquez filed a Petition for Writ of Habeas Corpus ("Petition," Doc. No. 1) pursuant to 28 U.S.C. § 2241, challenging Petitioner's detention by U.S. Immigration and Customs Enforcement ("ICE"). Certain Respondents have filed an Answer (Doc. No. 11). No reply has been filed within the time allowed.

*I. Background*

The factual background is set forth in the Petition and not contested by Respondents. As relevant here, Petitioner entered the United States "without inspection" in approximately September 2003 and "has continuously resided in the United States since his entry." Pet. ¶¶ 17, 22.

---

[1] David J. Venturella, Acting Director of Immigration and Customs Enforcement, is hereby substituted as respondent for Todd Lyons pursuant to Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure. The appearing respondents are Robert Cerna, Acting Dallas Field Office Director, Enforcement and Removal Operations, Immigration and Customs Enforcement; Acting Director Venturella; Markwayne Mullin, Secretary of the U.S. Department of Homeland Security; and Todd Blanche, Attorney General of the United States.

Petitioner alleges that ICE took him into custody "on or about January 2, 2026, in Kaufman, Texas." *Id.* ¶ 19. The U.S. Department of Homeland Security served Petitioner with a January 5, 2026 Notice to Appear that charged Petitioner with being removable pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). *See id.* ¶ 18. According to Petitioner, the date of birth listed in the Notice to Appear does not match the date of birth shown on his passport; this discrepancy shows that ICE "failed to accurately identify the person it is detaining." *Id.* ¶ 20. At the time the Petition was filed, no final order of removal had been issued. *Id.* ¶ 23.

At a March 19, 2026 "bond/custody redetermination hearing," an Immigration Judge denied Petitioner's request for "parole in place" "because of the manner of Petitioner's entry into the United States," and "[n]o bond was set." *Id.* ¶ 24.[2] Petitioner remains in ICE custody and is housed at the Diamondback Correctional Facility in Watonga, Oklahoma. *See id.* ¶ 25.

*II. Discussion*

*A. The Inapplicability of 8 U.S.C. § 1225(b)(2)(A)*

Petitioner argues that Respondents' detention of him pursuant to 8 U.S.C. § 1225(b)(2)(A), which imposes mandatory detention, "is a violation of the [Immigration and Nationality Act ('INA'), 8 U.S.C. §§ 1101 et seq.,] because he is instead subject to

[2] Petitioner states that Immigration Judges "lack authority to hear bond requests or to grant bond" to noncitizens due to *In re Yajure Hurtado*, 29 I. & N. Dec. 216 (B.I.A. 2025), in which the Board of Immigration Appeals held that, in accordance with 8 U.S.C. § 1225(b)(2)(A), noncitizens who have entered the United States without admission or parole are ineligible for a bond hearing. Pet. ¶¶ 32-33.

discretionary detention under 8 U.S.C. § 1226(a)." Pet. ¶¶ 26-27, 45. Petitioner seeks habeas relief in the form of an order of release from detention. *Id.* at 12.

Petitioner's INA claim is controlled by the Tenth Circuit's recent decision in *Santillan Quiroz v. Mullin*, in which that court held that § 1225(b)(2)(A)'s mandatory-detention requirement "applies only to [noncitizens] seeking admission" at the border of the United States. *Santillan Quiroz v. Mullin*, 180 F.4th 1226, 1239-40 (10th Cir. 2026). The Tenth Circuit further held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are," instead, "usually subject to § 1226(a) (and thus eligible for bond)." *Id.* at 1237; *see also id.* at 1232, 1251 (concluding that the petitioner, who was detained at a traffic stop in the interior of the country, was "eligible for release" and "entitled to a bond hearing").

Here, as in *Santillan Quiroz*, Petitioner was taken into custody in the interior of the United States after having entered the country. *See* Pet. ¶ 19; *Santillan Quiroz*, 180 F.4th at 1233-34. Accordingly, § 1225(b)(2)(A) is inapplicable. *See Santillan Quiroz*, 180 F.4th at 1246-51.[3] Because Petitioner "can properly be subject to detention under § 1226(a)," he is entitled to a bond hearing. *Id.* at 1251 n.13. Given this determination, the Court need not address Petitioner's request for immediate release or his remaining claims for relief.

[3] While maintaining their position as to the proper interpretation of the relevant statutes, Respondents concede that the outcome of this case is "controlled" by *Santillan Quiroz*. Answer at 1-2, 1 n.2 (citing *Santillan Quiroz*, 180 F.4th at 1251 n.13).

*See id.*; *Ramos Perez v. Grant*, No. CIV-26-721-D, 2026 WL 2033144, at *2 & n.2 (W.D. Okla. July 14, 2026).[4]

*B. Petitioner's Request for Fees and Costs*

Petitioner also requests attorney's fees and costs pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). *See* Pet. at 12.

The EAJA "unambiguously authorize[s] fees in habeas actions challenging immigration detention." *Daley v. Ceja*, 158 F.4th 1152, 1166 (10th Cir. 2025), *petition for cert. filed*, No. 26-146 (U.S. July 30, 2026). Such attorney's fees must be sought pursuant to the EAJA and by separate motion, however. *See id.*; Fed. R. Civ. P. 54(d)(2), 81(a)(4); LCvR 54.2. Any recovery of costs is governed by 28 U.S.C. §§ 1920 and 2412(a), Federal Rule of Civil Procedure 54(d)(1), and Local Civil Rule 54.1.

CONCLUSION

In accordance with the above, the Petition for Writ of Habeas Corpus (Doc. No. 1) is GRANTED as to Petitioner's claim for relief based upon a violation of the INA.

IT IS THEREFORE ORDERED:

1. Respondents are ORDERED to, within seven (7) days of the date of this Order, either provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) or release Petitioner into the United States.

2. Petitioner's Motion for Temporary Restraining Order and Preliminary Injunction (Doc. No. 3) is DENIED as moot;

---

[4] As Petitioner recognizes, the issue of the discrepancy in the birthdates in the Notice to Appear and the passport may be raised at the individualized bond hearing ordered herein. *See* Pet. ¶¶ 20, 48; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. ¶¶ 236.1(d)(1), 1236.1(d)(1))).

3. Petitioner's remaining claims for relief are DISMISSED without prejudice; and

4. Respondents shall file a declaration with the Court pursuant to 28 U.S.C. § 1746 within ten (10) days of the date of this Order affirming either that a bond hearing was conducted or that Petitioner was released from detention into the United States.

5. The Court will separately enter judgment but retains jurisdiction over this matter to ensure compliance with this Order.

IT IS SO ORDERED this 21st day of August, 2026.

Charles B. Goodwin

CHARLES B. GOODWIN
United States District Judge